**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MEL WARKMEISTER,

    Plaintiff,

    v.

TIME WARNER, INC., a Delaware corporation, dba TIME INC. HOME ENTERTAINMENT, DOES 1-10, ROE ENTITIES 1-10,

    Defendants.

2:06-CV-632-BES-PAL

**ORDER**

Presently before this Court is Plaintiff's Motion to Remand Case to State Court (#7). Defendant Time Warner, Inc. ("Time Warner") filed an Opposition to Motion to Remand (#11) and Plaintiff did not reply.[1]

**I. BACKGROUND**

On April 10, 2006, Plaintiff Mel Warkmeister initiated this right of publicity action against Time Warner in the Clark County District Court claiming that his photo was included in a book published by Defendant, in violation of Nevada Revised Statutes §§ 597.770-597.810. Defendant Time Warner timely removed the case to federal court on May 22, 2006, asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity between the parties and the amount in controversy is more than $75,000. In its Notice of Removal (#1), Time Warner sets forth the facts that it believes establish the jurisdictional minimum: (1) Plaintiff claims damages in excess of $10,000; (2) Plaintiff claims an unspecified

---

[1] Time Warner has also filed a Motion to Dismiss (#3) on June 2, 2006. However, the parties have stipulated to extend time for Plaintiff's response to the Motion to Dismiss pending disposition of the Motion to Remand. (Order on Stipulation (#9)).

1  amount of special damages; (3) Plaintiff claims to be entitled to punitive damages; and (4)
2  Plaintiff claims to be entitled to an award of attorneys fees as damages.  (Notice (#1), ¶ 7).
3  From these facts Time Warner concludes that "[t]he sum of damages alleged by plaintiff
4  necessarily exceeds $75,000." Id.
5       Plaintiff now seeks to remand the case to state court on the basis that this Court does
6  not have jurisdiction because the amount in controversy requirement is not met.

## II. ANALYSIS

**A.    Standard for Removal**

Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed.  28 U.S.C. § 1441(a) This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (2005).  To determine whether the amount in controversy has been met, "the status of a case as disclosed by a plaintiff's complaint is controlling in the case of a removal . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938); see also Paschinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363–64 (9th Cir. 1986).  Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403–04 (9th Cir. 1996)).  "If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Krajca v. Southland Corp., 206 F. Supp.2d 1079, 1081 (D. Nev. 2002) (emphasis in original) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Thus, the court will consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Matheson, 319 F. At 1090.  Where doubt regarding the right to removal exists, a case should be remanded to state court. Id.

2

**B.     Amount in Controversy**

In this case, it is not facially evident from the Complaint that the controversy involves more than $75,000.  Plaintiff seeks "in excess" of $10,000 in actual damages, "in excess" of $10,000 for punitive damages, and an unspecified amount of special damages and attorney's fees.  Time Warner concludes that these stated monetary demands "alone indicate that [Plaintiff] seeks greater than $75,000, irrespective of how [Plaintiff] may ultimately attempt to calculate his alleged damages."  (Opp. (#11), p. 4).  Time Warner also contends that Plaintiff "appears to seek well in excess of $75,000" based on Plaintiff's apparent allegation that compensation is due "based upon a portion of the revenue or profits generated from the sale of [several hundred thousand copies] the Book."  Id.  However, Time Warner provides no facts or evidence to support its conclusions and there is no way for the Court to determine what Plaintiff really means by "in excess."  To rely upon Defendant's speculation and conjecture is contrary to the Ninth Circuit's requirement that the jurisdictional determination be grounded on a factual basis that is similar in quality to "summary-judgement-type evidence." Matheson, 319 F.3d at 1090.  Thus, the Ninth Circuit Court refused to assert jurisdiction over a case in which the plaintiff's complaint "asked for treble compensatory damages, treble the profits derived by [defendant] from the alleged infringement, attorney's fees and an injunction," but instead required "evidence that the amount in controversy exceeds $75,000."  Cohn v. Petsmart, Inc., 281 F.3d 837, 839-40 n.1 (9th Cir. 2002).  In a case similar to the one here, the Ninth Circuit expressly held that "it is not facially evident from the [plaintiff's] complaint that the controversy involved more than $75,000" where the plaintiff sought recovery for economic loss, emotional distress and punitive damages.  Matheson, 319 F.3d at 1091.

Here, Time Warner must do more than merely point to Plaintiff's requests for damages and attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees recoverable in the case and provide evidence that would permit a reasoned calculation of damages.  See, e.g., McCaa v. Massachusetts Mut. Life Ins. Co., 330 F. Supp.2d 1143, 1149 (D. Nev. 2004) ("to meet its burden of proof as to the amount in controversy, [defendant] could have introduced evidence of jury verdicts in cases involving similar facts") (citing Surber v.

Reliance Nat'l Indem. Co., 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000) (explaining that defendant must provide evidence to establish the approximate cost of plaintiff's attorney's fees, including evidence supporting a reasonable estimate of the time the case will require and counsel's hourly billing rate)); Birkenbuel v. M.C.C. Construction Corp., 962 F. Supp. 1305, 1306 (D. Mont. 1997) (it is up to the defendant to present evidence that shows the damage computation exceeds $75,000 and without such evidence "it is impossible to say whether the complaint states a claim for the jurisdictional amount").

Time Warner's unsupported assertion that this action meets the jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the *underlying facts* supporting it assertion that the amount in controversy exceeds $[75,000]." Gaus, 980 F.2d at 567 (emphasis in original). Because removal jurisdiction "cannot be based simply upon conclusory allegations," this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. See, e.g., Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 376-77 (9th Cir. 1997) ("where the plaintiff does not claim damages in excess of $[75,000] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds $[75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied").

### III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand Case to State Court (#7) is GRANTED.

IT IS FURTHER ORDERED that the remaining pending motion, Defendant's Motion to Dismiss (#3), is DENIED as moot.

DATED: this 19th day of January, 2007.

_____
United States District Judge